UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES, WILLIAM M. VAUGHN, III, JON K. MCPHERSON, RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS, <br><br>18861 90th Avenue, Suite A <br>Mokena, IL 60448 <br><br>                    **Plaintiffs,** <br>     v. <br><br>KAMAL CORPORATION d/b/a TRADE FAIR, <br>30-08 30th Avenue <br>Astoria, NY 11102 <br><br>Serve: Farid Jaber, Chief Executive Officer <br>        30-12 30th Ave., Suite 210 <br>        Astoria, New York 11102-2138 <br><br>                    **Defendant.** | Case No.: 18-cv-07892 |

## COMPLAINT

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Defendant Kamal Corporation d/b/a Trade Fair ("Trade Fair" or "Defendant") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendant for withdrawal liability, interest, liquidated damages, a declaratory judgment, and attorneys' fees

and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, William M. Vaughn, III, Jon K. McPherson, Richard D. Cox, M. Scott Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Trade Fair is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Trade Fair is a corporation organized under the laws of the State of New York with a principal place of business in Astoria, NY.

**Governing Documents**

7. At all times relevant to this action, Trade Fair employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers International Union No. 342 ("Local 342"), a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Trade Fair and Local 342 were parties to and bound by Collective Bargaining Agreements ("CBAs") obligating Trade Fair to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBAs, Trade Fair agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Trade Fair to submit monthly pension contributions to the Fund.

**Factual Allegations**

10. The Fund determined that in the Plan Year ended June 30, 2008, June 30, 2010, June 30, 2011, June 30, 2012, June 30, 2016, and June 30, 2017 Trade Fair effected "partial withdrawals" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

11. The Fund determined that as a result of these partial withdrawals, Trade Fair incurred withdrawal liability to the Fund in the amount of $881,652.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12. On or about July 25, 2018, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

3

13. This Notice and Demand for payment informed Trade Fair that its withdrawal liability was $881,652.00, payable in one quarterly payment of $192,968.00, two quarterly payments of $143,274.00, one quarterly payment of $132,479.00, one quarterly payment of $53,480.00, four quarterly payments of $44,653.00, and one final quarterly payment of $20,820.00. The Notice and Demand stated the first quarterly payment was due on or before September 1, 2018.

14. By letter dated September 12, 2018, the Fund notified Trade Fair that it was delinquent in making its first quarterly withdrawal liability payment and that it had until September 26, 2018 to cure the delinquency.

15. Neither Trade Fair nor any other trade or business under common control cured the delinquent withdrawal liability installment payment by September 26, 2018.

16. By letter dated July 31, 2018, Trade Fair generally challenged the Fund's withdrawal liability assessment and asserted that it has "requested review" of the withdrawal liability assessment and the payment schedule. Trade Fair's only basis for requesting review of the Fund's assessment was that the withdrawal liability was purportedly "resolved and settled in March 2012 when Trade Fair agreed to pay the full withdrawal liability." In subsequent correspondence, Trade Fair clarified that it was referring to the settlement of *an entirely separate withdrawal liability obligation owed to an entirely separate pension fund* entity—the Local 342 Pension Fund—that was apparently settled before some of the partial withdrawals described in the Fund's Notice and Demand ever arose.

17. There was no issue identified in Trade Fair's July 31, 2018 letter *relating to the Fund's withdrawal liability assessment* described in the Notice and Demand. For example, Trade Fair's July 31, 2018 letter failed to identify any specific alleged inaccuracy in the actuarial assumptions used to determine the Fund's unfunded vested benefit liability, as required under

4

ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399 (b)(2)(A). By merely referring to another withdrawal liability assessment made by a separate multiemployer pension fund, Trade Fair failed to assert any specific matter that the Fund could meaningfully review and therefore failed to timely request review under ERISA Section 4219.

## COUNT I:

## WITHDRAWAL LIABILITY

18. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

19. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

20. Trade Fair failed to pay the withdrawal liability installment due on September 1, 2018 in the amount of $192,968.00.

21. Pursuant to ERISA § 4301(b), 29 U.S.C. § 4301(b), a failure by an employer to pay withdrawal liability when due shall be treated in the same manner as delinquent contributions.

22. Accordingly, pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), Defendant is liable for withdrawal liability; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code from the date of default through the date paid; liquidated damages equal to 20 percent of the withdrawal liability in the amount of $38,593.60; and attorneys' fees and costs incurred by the Fund in pursuing this action.

## COUNT II:

## DECLARATORY JUDGMENT

23. Plaintiffs hereby re-allege and incorporate by reference the allegations contained in the foregoing paragraphs as if set forth fully herein.

24. Trade Fair failed to request review of the Fund's withdrawal liability pursuant to ERISA Section 4219, 29 U.S.C. § 1399.

25. A request for review made pursuant to ERISA Section 4219 must be specific in nature. ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399 (b)(2)(A); *see also Nat'l Pension Plan of the UNITE HERE Workers Pension Fund v. Westchester Lace & Textiles, Inc.*, 2006 U.S. Dist. LEXIS 29845, **18-19 (S.D.N.Y. 2006).

26. By letter dated July 31, 2018, Trade Fair challenged the Fund's withdrawal liability assessment by asserting that withdrawal liability had already been settled in 2012. In subsequent correspondence, Trade Fair clarified that it was referring to the settlement of withdrawal liability owed to the Local 342 Pension Fund, which is a separate obligation owed to an entirely separate entity.

27. There was no issue identified in Trade Fair's July 31, 2018 letter ***relating to the Fund's withdrawal liability assessment*** described in the Notice and Demand. Trade Fair failed to identify any specific alleged inaccuracy in the actuarial assumptions used to determine the Fund's unfunded vested benefit liability, as required under ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399 (b)(2)(A).

27. In order to initiate arbitration under ERISA Section 4221, 29 U.S.C. § 1401, Defendant must timely request review within 90 days of the Fund's withdrawal liability assessment pursuant to ERISA Section 4219, 29 U.S.C. § 1399. However, Defendant failed to timely request review pursuant to Section 4219 and the time to do so has now expired.

28. Accordingly, Plaintiffs seek a declaration that Defendant failed to properly request review pursuant to ERISA Section 4219, 29 U.S.C. § 1399 and therefore waived their right to arbitrate the Fund's withdrawal liability assessment.

## Prayer for Relief

**WHEREFORE**, Plaintiffs pray that the Court:

(a) Enter judgment against Defendant, and in favor of Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $192,968.00 in withdrawal liability;

(2) Interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Code, accruing from September 1, 2018 until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $38,593.60 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Attorneys' fees and other costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

(b) Enter a declaratory judgment in the Fund's favor that Defendant failed to properly request review pursuant to ERISA Section 4219, 29 U.S.C. § 1399 and therefore waived their right to arbitrate the Fund's withdrawal liability assessment; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: November 29, 2018           Respectfully submitted,

/s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher M. Leins, Esq. (Bar No. 997257)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)

JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*


A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).


20685222v1

8